FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY D. CHEESMAN,<br>    Plaintiff,<br>    v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION,<br>    Defendant. | No. 1:20-CV-03054-SAB<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT; CLOSING FILE** |

On June 10, 2020, Plaintiff filed an Amended Complaint. ECF No. 6. On July 22, 2020, and September 2, 2020, he filed Motions to Add Party to Summons the United States Attorney's Office of Virginia, U.S.A., TSA HR Service Center, Acting Secretary of Homeland Security, Seattle-Tacoma International Airport, ECF Nos. 7, 8. Plaintiff is representing himself in this matter.

Plaintiff is suing the Transportation Security Administration (TSA) because gun parts that were in his baggage was seized by Philippine custom officials at the Clark International Airport in the Philippines. It appears that Plaintiff blames the seizure on TSA because it did not seal one of his bags with Homeland Security "tape logo stickers," after they inspected it in Seattle, Washington. He alleges that TSA tape sealed 7 of his 8 bags, including one that contained "50 rounds of live 9mm ammunition that were in the middle of a rubber hose sitting on top of a 6-gal

**ORDER DISMISSING PLAINTIFF'S COMPLAINT; CLOSING FILE ~ 1**

electric metal air compressor," but failed to tape seal the eighth bag. It was this bag that contained the gun parts that was eventually seized by Philippine officials at the airport. He maintains that the Philippines Custom Employee at Clark International Airport confiscated the gun parts because the checked baggage was unmarked and was not sealed by TSA. Plaintiff asserts that the failure to seal the bag was the result of racial profiling on the part of TSA.

Plaintiff is seeking the retrieval of the gun parts from the Philippines customs to be returned to the United States. He is seeking $5,000,000 in economic and noneconomic damages.

## 28 U.S.C. § 1915 Review

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## Analysis

Although given a second chance to do so, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff has not identified a legal basis to seek the relief he is requesting, namely the retrieval of the gun parts from the Philippines customs. At the heart of the matter, it is Plaintiff, not TSA, who is responsible for placing the gun parts in his baggage and attempting to smuggle the parts into the Philippines. TSA has no duty to tag luggage in an effort to keep the Philippine officials from searching certain bags that enter their country. Moreover, it is unclear and doubtful that the TSA officials who inspected Plaintiff's bags

**ORDER DISMISSING PLAINTIFF'S COMPLAINT; CLOSING FILE ~ 2**

knew of his nationality. Plaintiff asserts that the bags were "inspected and screened somewhere inside the SeaTac International airport building/facility by the U.S. Homeland Security TSA." Neither the Homeland Security Act of 2002, 6 U.S.C. § 111, nor the Transportation Security Administration Act, § 114, provide a private cause of action.

Under the traditional doctrine of sovereign immunity, the United States is immune from suit unless it has waived immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). One such waiver is the Federal Torts Claims Act ("FTCA"), which permits suits against the United States for the negligence of its employees. 28 U.S.C. § 2674. Plaintiff has not established that TSA had a duty to him to tag and seal his bags to prevent Philippine officials from inspecting his bags and as such, fails to allege a negligence claim against TSA. Moreover, it does not appear that Plaintiff exhausted his administrative remedies, which is required before he can bring a claim in federal court under the FTCA. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 112 (1993)("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (noting that before an individual can file an action against the United States in district court, he must seek an administrative resolution of his claim). The exhaustion requirement is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Thus, to the extent Plaintiff is bringing his claims under the FTCA, the Court does not have jurisdiction over the claims.

### Leave to Amend

Previously, the Court granted Plaintiff leave to amend in order to present allegations that would state a claim upon which relief may be granted. It is clear that Plaintiff cannot do so because the underlying premise of his claim is faulty, that is, TSA is somehow responsible for Plaintiff's decision to put gun parts in his baggage and attempt to enter the Philippines with the baggage. TSA does not owe

**ORDER DISMISSING PLAINTIFF'S COMPLAINT; CLOSING FILE ~ 3**

Plaintiff a duty to ensure that his baggage would be accepted in the Philippines.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 6, is **DISMISSED**.
2. Plaintiff's Motions to Add party to Summons, ECF Nos. 7 and 8, are **DENIED**, at moot.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Plaintiff, and **close** the file.

**DATED** this 4th day of September 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING PLAINTIFF'S COMPLAINT; CLOSING FILE ~ 4**