FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY D. CHEESMAN,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION,<br><br>　　　Defendant. | No. 1:20-CV-03054-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; CLOSING FILE** |

　　Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 10. Plaintiff is representing himself in this matter. Defendant has not been served.

　　The Court dismissed Plaintiff's Complaint under 28 U.S.C. § 1915 for failure to state a claim. ECF No. 9. The Court dismissed the action because it found that neither the Homeland Security Act, 6 U.S.C. § 111, nor the Transportation Security Administration Act, § 114, provides a private cause of action. *Id.* The Court also found it appears that Plaintiff failed to exhaust his administrative remedies to the extent he was bringing a claim under the Federal Tort Claims Act. *Id.*

　　Plaintiff now moves for reconsideration of that Order, arguing that 6 U.S.C. § 111 provides a cause of action. He also provided documentation that he filed a claim with TSA. In addition, Plaintiff indicates that he "would like to challenge the

**ORDER DENYING MOTION FOR RECONSIDERATION; CLOSING FILE ~ 1**

gun law of the Philippines for the individuals American citizen rights for the American concealed weapon permit to be valid and accepted in the Philippines territories and added to the American treaty internationally while traveling from the United States of America into the Philippines territory."

Motions for reconsideration are generally disfavored. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Instead, a motion for reconsideration should be granted, "absent highly unusual circumstances," only if the court is: (1) presented with new evidence; (2) committed clear error; or (3) if there is an intervening change in the controlling law. *Kona Enterprises*, 229 F.3d at 890. Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, while it appears that Plaintiff may have exhausted his administrative remedies, he has still failed to show that TSA owes him a duty to tag and seal his bag to prevent Philippine officials from inspecting his bag. Moreover, it appears that Plaintiff failed to declare the gun parts. ECF No. 10, p. 12. Plaintiff's failure to declare the gun parts does not create liability on the part of TSA. Finally, this Court does not have authority to declare a Philippine law invalid. As such, Plaintiff has not shown the Court committed clear error in dismissing his Complaint.

//
//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION; CLOSING FILE ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Plaintiff, and **close** the file.

**DATED** this 15th day of September 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION; CLOSING FILE ~ 3**